E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes and Consumer Protection Section
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/1019
     Facsimile: (213) 894-0141
     E-mail:    Mark.A.Williams@usdoj.gov
                Laura.Alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>MARK MENG,<br><br>           Defendant. | No. CR 24-00059-DOC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  7/16/2024<br>**PROPOSED TRIAL DATE:** 10/08/2024 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams and Laura A. Alexander, and defendant MARK MENG ("defendant"), both individually and by and through his counsel of record, Anthony M. Solis, hereby stipulate as follows:

1. The Indictment in this case was filed on May 21, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 9, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 30, 2024.

2. On May 28, 2024, the Court set a trial date of July 16, 2024, and a status conference date of June 24, 2024.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 3-4 days.

4. By this stipulation, defendant moves to continue the trial date to October 10, 2024, and the status conference to September 16, 2024. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with bank robbery, in violation of 18 U.S.C. § 2113(a), and wire fraud, in violation of 18 U.S.C. § 1343. The government has produced 865 pages of discovery to the defense, including law enforcement reports, body-worn-camera video files, surveillance videos files, photographs, audio files, bank records, text messages, email communications, and other business records.

    b. Defense counsel is presently scheduled to be in: (1) <u>United States v. Markham Bond</u>, Case no. 2:23-cr-00615-TJH, a three-day Hobbs Act robbery trial set to begin on July 23, 2024; (2) <u>United States v. McDowell, et al. (Emma Joseph)</u>; Case no. 8:23-cr-00031-FWS-2, a three-day possession of stolen mail trial, set to begin on September 10, 2024; (3) <u>United States v. Valencia, et al., (Galvez)</u>,

2

1  Case No. 24-cr-118-JFW, a two-defendant drug trial, set to begin on
2  September 24, 2024; and (4) <u>United States v. De Hoyos Ozuna, et al.</u>;
3  Case No 20-cr-00024-TJH-3, a three-defendant, five-day drug
4  conspiracy trial, set to begin on September 24, 2024.  Accordingly,
5  counsel represents that he will not have the time that he believes is
6  necessary to prepare to try this case on the current trial date.
7        c.   In light of the foregoing, counsel for defendant also
8  represents that additional time is necessary to confer with
9  defendant, conduct and complete an independent investigation of the
10 case, conduct and complete additional legal research including for
11 potential pre-trial motions, review the discovery and potential
12 evidence in the case, and prepare for trial in the event that a
13 pretrial resolution does not occur.  Defense counsel represents that
14 failure to grant the continuance would deny him reasonable time
15 necessary for effective preparation, taking into account the exercise
16 of due diligence.
17       d.   Defendant believes that failure to grant the
18 continuance will deny him continuity of counsel and adequate
19 representation.
20       e.   The government does not object to the continuance.
21       f.   The requested continuance is not based on congestion
22 of the Court's calendar, lack of diligent preparation on the part of
23 the attorney for the government or the defense, or failure on the
24 part of the attorney for the Government to obtain available
25 witnesses.
26   6.   For purposes of computing the date under the Speedy Trial
27 Act by which defendant's trial must commence, the parties agree that
28 the time period of July 16, 2024, to October 8, 2024, inclusive,

3

1 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
2 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
3 continuance granted by the Court at defendant's request, without
4 government objection, on the basis of the Court's finding that: (i)
5 the ends of justice served by the continuance outweigh the best
6 interest of the public and defendant in a speedy trial; (ii) failure
7 to grant the continuance would be likely to make a continuation of
8 the proceeding impossible, or result in a miscarriage of justice; and
9 (iii) failure to grant the continuance would unreasonably deny
10 defendant continuity of counsel and would deny defense counsel the
11 reasonable time necessary for effective preparation, taking into
12 account the exercise of due diligence.
13 //
14 //
15 //

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 6/18/2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ Laura A. Alexander
LAURA A. ALEXANDER
MARK A. WILLIAMS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MARK MENG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 8, 2024, is an informed and voluntary one.

_/s/ Anthony M. Solis_   6-4-2024
ANTHONY M. SOLIS           Date
Attorney for Defendant
MARK MENG

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 8, 2024.

*[Signed: Mark Meng]*          6-4-2024
MARK MENG                      Date
Defendant